UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>$100,000.00 IN UNITED STATES CURRENCY,<br>    *Defendant*.<br><br>[CLAIMANT:   ANTHONY A. VALENTINO] | Civil No.<br><br><br><br><br><br><br><br><br>March 27, 2020 |

VERIFIED COMPLAINT OF FORFEITURE

Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and David C. Nelson and Peter S. Jongbloed, Assistant United States Attorneys, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property, $100,000.00 in United States Currency for violations of 31 U.S.C. § 5324.

THE DEFENDANT IN REM

2. The defendant is $100,000.00 in United States Currency.

3. Defendant $100,000.00 in United States Currency is currently in the custody of the United States Customs and Border Protection.

JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn Defendant $100,000.00 in United States Currency. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over Defendant $100,000.00 in United States Currency under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon Defendant $100,000.00 in United States Currency pursuant to 18 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

7. Defendant $100,000.00 in United States Currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because they represent properties involved in a violation of 31 U.S.C. § 5324 (structuring of financial transactions).

## STIPULATED FORFEITURE AGREEMENT

8. This civil forfeiture stems from the prosecution of the Claimant Anthony A. Valentino in the criminal case entitled *United States v. Anthony A. Valentino*, No. 3:19CR82(KAD). As part of the resolution of the criminal case, Anthony A. Valentino agreed to the $100,000.00 civil money judgment forfeiture that he agreed to send and later sent to the Government. On January 14, 2020, The United States and the Claimant, Anthony A. Valentino, entered into an agreement to resolve this matter. The terms of the agreement are embodied in a

2

Stipulated Forfeiture Agreement attached as Exhibit A. Pursuant to the agreement, the Claimant Anthony A. Valentino through his retained counsel has agreed to the forfeiture of $100,000.00 in United States Currency to the United States of America, after the appropriate procedural steps are taken.

WHEREFORE, the United States of America prays that a Warrant of Arrest <u>In</u> <u>Rem</u> for $100,000.00 in United States Currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that Defendant $100,000.00 in United States Currency be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

   /s/   David C. Nelson
DAVID C. NELSON
ASSISTANT UNITED STATES ATTORNEY
FED. BAR NO. ct25640
David.C.Nelson@usdoj.gov

   /s/   Peter S. Jongbloed
PETER S. JONGBLOED
ASSISTANT UNITED STATES ATTORNEY
FED. BAR NO. ct03192
Peter.jongbloed@usdoj.gov
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT 06510
TEL (203) 821-3700

DECLARATION

I am a Special Agent of the Department of Homeland Security, Homeland Security Investigations and one of the case agents assigned the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture, and it is true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of March, 2020.

       /s/ Jeffrey Farragher
JEFFREY FARRAGHER
SPECIAL AGENT
Department of Homeland Security,
Homeland Security Investigations

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|     Plaintiff, | : |
| v. | : Civil No. |
| $100,000 IN UNITED STATES CURRENCY, | : |
|     Defendant. | : |
| [CLAIMANT: ANTHONY A. VALENTINO] | : |

## STIPULATED FORFEITURE AGREEMENT

In full and final satisfaction of any and all claims, demands, and liens from which PLAINTIFF, UNITED STATES OF AMERICA ("UNITED STATES"), its agents, subrogees, successors, and assigns, now have against the above-captioned defendant property, the PLAINTIFF and the CLAIMANT, ANTHONY A. VALENTINO ("CLAIMANT"), and his agents, subrogees, successors, and assigns, by and through their respective counsel, hereby stipulate and agree to the compromise settlement of the above-captioned forfeiture matter upon the terms and conditions set forth below:

1.	CLAIMANT hereby warrants that he is the sole owner of the DEFENDANT, One Hundred Thousand Dollars ($100,000) in United States currency ("DEFENDANT CURRENCY") which was surrendered to the United States Department of Homeland Security Investigations ("HSI") or about July 26, 2019, and that he claims right, title and interest to the DEFENDANT CURRENCY.

2.	CLAIMANT agrees to the forfeiture of the DEFENDANT CURRENCY to the UNITED STATES, to be disposed of according to law.



GOVERNMENT'S EXHIBIT A

3. Although CLAIMANT is not aware of any other persons or entities who could claim any valid right, title, or interest in and to the DEFENDANT CURRENCY, CLAIMANT agrees to take all steps that may be requested to help convey clear title to the United States in the DEFENDANT CURRENCY, to share truthful information with agents and representatives of the Unites States about any facts and claims concerning the DEFENDANT CURRENCY, and to testify truthfully in any judicial forfeiture proceeding concerning the DEFENDANT CURRENCY, if requested.

4. CLAIMANT further agrees that neither he nor any current or future officers, agents, representatives, subrogees, assigns or successors of CLAIMANT shall appear in or pursue any action or proceeding at law or in equity to contest the forfeiture of the DEFENDANT CURRENCY to the UNITED STATES as provided in Paragraph 2 above. CLAIMANT further waives the requirements of Supplemental Rule G regarding direct notice to CLAIMANT, and consents to the entry of any Motion for Decree of Forfeiture, filed hereafter, consistent with the terms of this Stipulation.

5. CLAIMANT hereby releases and forever discharges the UNITED STATES, HSI, Internal Revenue Service, Criminal Investigations ("IRS-CI"), and their servants, employees, heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which claimants, their heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, and forfeiture, by the UNITED STATES of the DEFENDANT CURRENCY.

6. CLAIMANT further agrees to hold and save HSI, IRS-CI, and their servants, employees, heirs, successors, or assigns harmless from any claims by any others, including costs

and expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the seizure, detention, and forfeiture of the DEFENDANT CURRENCY.

7. This Stipulated Forfeiture Agreement shall not constitute an admission of liability or fault on the part of the UNITED STATES, its officers, agents, servants, or employees, or on the part of the CLAIMANT, and is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

8. The UNITED STATES and the CLAIMANT agree to bear their own costs and attorney's fees, and to execute and/or consent to, any additional documents necessary to implement the terms of this stipulated agreement.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

1/14/2020
DATE

PETER S. JONGBLOED
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO.: ct03192
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT 06510
(203) 821-3742

COUNSEL FOR PLAINTIFF
UNITED STATES OF AMERICA

DATE

ANTHONY A. VALENTINO
CLAIMANT

12/4/19
DATE

KERRY A. LAWRENCE, ESQ.
81 MAIN STREET, #450
WHITE PLAINS, NY 10601

COUNSEL FOR THE CLAIMANT
ANTHONY A. VALENTINO

-3-